## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| A.K. a Minor, through his Guardian, KELSI KINGSLEY, individually and on behalf of similarly situated individuals, | ) ) ) | |
| | ) | No. |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Hon. |
| ANCESTRY.COM DNA, LLC, a Virginia limited liability company, | ) ) ) | |
| *Defendant.* | ) ) | |

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff A.K., a minor, by and through his Guardian Kelsi Kingsley, individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Ancestry.com DNA, LLC ("Defendant" or "Ancestry.com") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("GIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1.      This case concerns the illegal disclosure of thousands if not millions of individuals' genetic information to Blackstone, Inc. ("Blackstone"), a multi-billion-dollar private equity firm that acquired Defendant Ancestry.com, a genetic testing company, in late 2020. As part of the acquisition process Defendant has violated Plaintiff's and the other Class members' rights arising under GIPA to prevent disclosure of their immutable genetic information to unauthorized third-parties without their written consent.

2.      GIPA defines "genetic information" as information pertaining to: (i) the individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.

3.      GIPA provides that persons, such as Defendant, may not release and/or disclose genetic testing and information derived from genetic testing to anyone other than the individual tested or to persons specifically authorized in writing in accordance with the Act. See 410 ILCS 513/15(a).

4.      Compliance with GIPA is straightforward and may be accomplished through a single, signed sheet of paper or its electronic equivalent. GIPA's requirements bestow a right to privacy in one's genetic information and a right to prevent the disclosure of such information without their consent.

5.      In enacting GIPA, the Illinois legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner."

6.      The Illinois Legislature enacted GIPA because "[t]he public health will be served by facilitating voluntary and confidential nondiscriminatory use of genetic testing information." *Id*. (emphasis added).

7.      The deprivation by Defendant of the statutory rights conferred by GIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8.      Plaintiff brings this action for statutory and actual damages, whichever is greater, and other remedies as a result of Defendant's conduct in violating Plaintiff's state genetic privacy rights.

9.      On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of damages, including statutory damages under GIPA, to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10.     Defendant Ancestry.com DNA, LLC is a limited liability company organized under the laws of the state of Virginia that conducts substantial business throughout Illinois, including in this District.

11.     At all relevant times, Plaintiff A.K. and his mother and Guardian, Kelsi Kingsley, have been residents of the state of Illinois.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection § 1332(d) apply.

13.     This Court may assert personal jurisdiction over Defendant, because Defendant knowingly does business within Illinois and knowingly transacts business in Illinois such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiff's

claims arise out of Defendant's unlawful in-state actions, as Defendant failed to request and receive Plaintiff's consent to disclose his genetic information in this District.

14.     Venue is proper in this District because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

15.     Defendant Ancestry.com is a global leader in genetic testing services that markets to customers the ability to research their family and genetic history through the use of family trees, historical records, and genetic information.

16.     Ancestry.com's consumer genomics business uses DNA collected from its customers' saliva to provide its customers with information about their heritage as well as genetically related health characteristics.

17.     Given Ancestry.com's massive database of genetic information obtained from millions of customers, Blackstone sought to purchase Ancestry.com and on August 5, 2020 Blackstone announced an agreement to acquire Ancestry.com for $4.7 billion.[1]

18.     On December 4, 2020, Blackstone reported that it had fully completed its acquisition of Ancestry.com.

19.     Following Blackstone's acquisition of Ancestry.com, Defendant disclosed on its website that Plaintiff and the Class' genetic information would be released and/or disclosed to Blackstone for its use.[2] However, Defendant failed to identity any method by which Plaintiff and

---

[1] www.blackstone.com/press-releases/article/blackstone-to-acquire-ancestry-leading-online-family-history-business-for-4-7-billion/ (last accessed on 06/4/2021).

[2] *See* www.ancestry.com/cs/legal/privacystatement (stating that "If Ancestry or its businesses are acquired or transferred (including in connection with bankruptcy or similar proceedings), we will share your Personal Information with the acquiring or receiving entity") (last accessed on 06/4/2021).

the Class could prevent such disclosure of their genetic information to Blackstone or any other party.

20.    This resulted in the unlawful disclosure of Plaintiff's and the Class' genetic information, and the sharing and/or release of such information to Blackstone and its affiliates, if not other third-parties.

21.     Under GIPA, the results of a DNA or genetic test are confidential and the subject of such testing has a right to prevent others from receiving their genetic test results without written consent. 410 ILCS 513/15(a).

22.    Thus, releasing, disclosing, or transferring genetic testing and information derived from genetic testing to any person other than the individual tested or to persons specifically authorized, must be in writing in accordance with the Act. *Id*.

23.    Following its acquisition, Defendant Ancestry.com released, disclosed and/or transferred Plaintiff's and the other Class Members' genetic test results and associated information to Blackstone without their written consent in violation of GIPA.

24.    Blackstone's acquisition of Ancestry.com included acquisition of not just Plaintiff's and the other Class Members' genetic information, but also all of the accompanying information gathered by Ancestry.com, including personal information that can be used to identify Plaintiff and the other Class Members. Such information includes their first and last name, email address, and/or home address (including age and gender in some instances), including Plaintiff's.

25.    Defendant Ancestry.com thus violated GIPA by disclosing and/or releasing Plaintiff's and the Class' genetic information without their advance written consent.

## FACTS SPECIFIC TO PLAINTIFF

26.    During the relevant period, Plaintiff A.K., a minor, through his mother and Guardian, Kelsi Kingsley, used an at-home DNA test kit from Ancestry.com.

27.    After his biological sample was sent by his Guardian, in the form of his saliva (and accompanying skin cells) to Ancestry.com, his genetic material was sequenced by Defendant which then provided his Guardian with information derived from his genetic test.

28.    Due to the highly sensitive nature of genetic test results as well as Ancestry.com's representations regarding maintaining the strict privacy of its customers' genetic information, Plaintiff and his Guardian reasonably believed that the only persons who would be provided the results of Plaintiff's genetic testing would be himself and his family and that the information submitted on his behalf to Ancestry.com would be kept confidential, private and secure—and that it would never be received by third parties like Blackstone without his or his mother's written consent.

29.    Plaintiff would not have agreed to have his genetic material provided to Ancestry.com if he had known that Defendant would disclose his genetic information without his consent to third-parties other than his Guardian such as Blackstone.

30.    Plaintiff A.K. through his mother and Guardian, never consented or otherwise agreed to the release, disclosure or transfer of his genetic information and other personal identifying information to Blackstone.

31.    Thus, as a result of Ancestry.com's acquisition by Blackstone, Defendant Ancestry.com illegally disclosed and/or released the genetic information of thousands of Illinois consumers without their written consent, including that of Plaintiff and the other Class members, in violation of GIPA.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class defined as follows: All Illinois residents whose genetic information was disclosed and/or released by Ancestry.com to Blackstone, according to Ancestry.com's records.

33.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

34.     Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

35.     Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's GIPA violations.

36.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

      a.     Whether Defendant's conduct is subject to GIPA;

      b.     Whether Defendant disclosed Plaintiff's and the other Class members' genetic information in violation of GIPA;

c.     Whether Defendant released Plaintiff's and the other Class members' genetic information to Blackstone and other third-parties in violation of GIPA;

d.     Whether Defendant obtained written authorization from Plaintiff and the other Class members before disclosing or releasing their genetic information;

e.     Whether Defendant's violations of GIPA were willful or reckless;

f.     Whether Defendant's violations of GIPA were negligent;

g.     Whether Plaintiff and the Class are entitled to damages and injunctive relief.

37.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

38.     Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to those of the other members of the Class.

39.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

<u>**COUNT I**</u>
**Violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513,** *et seq.*
**(On behalf of Plaintiff and the Class)**

40.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41.    Defendant Ancestry.com is a corporation and, therefore, a "person" under 410 ILCS 513/10.

42.    Plaintiff and the Class obtained "genetic test[s]" and received the results of such tests from Ancestry.com.

43.    Plaintiff and the Class also provided accompanying personal identifying information, including their full names, email address, and/or home addresses (including age and gender in some instances) to Ancestry.com.

44.    The information obtained from Plaintiff and the Class is the type of information protected by GIPA. 410 ILCS 513/10.

45.    Defendant Ancestry.com disclosed and/or released Plaintiff's and the Class members' genetic tests and/or information derived from their genetic tests, along with their accompanying personal identifying information to Blackstone.

46.    Defendant did not receive any written authorization from Plaintiff or the other Class members to disclose and/or release their genetic test results and information derived therefrom, including their personal identifying information, as mandated by 410 ILCS 513/15(a) and 410 ILCS 513/30(a)(2).

47.    Plaintiff and the other Class members have been aggrieved by Defendant's violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA when Defendant disclosed and/or released their statutorily protected genetic information without their consent to Blackstone.

48.     GIPA provides for statutory damages of $15,000 for each willful and/or reckless violation of GIPA or actual damages – whichever is greater – and, alternatively, damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater. 410 ILCS 513/40(a)(3).

49.     Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff A.K., a minor, by and through his Guardian Kelsi Kingsley, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a.  Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate GIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

d.  Awarding statutory damages of $15,000 for each willful and/or reckless violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

e.  Awarding statutory damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and

h.  Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: October 29, 2021

Respectfully submitted,

A.K., a Minor, through his Guardian, Kelsi Kingsley, individually and on behalf of similarly situated individuals

By:      /s/ Eugene Y. Turin
*One of Plaintiff's Attorneys*

Eugene Y. Turin
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
dgerbie @mcgpc.com

Jonathan M. Jagher
FREED KANNER LONDON & MILLEN, LLC
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6487
jjagher@fklmlaw.com

Brian M. Hogan
FREED KANNER LONDON & MILLEN, LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
bhogan@fklmlaw.com

Gary M. Klinger
MASON LIETZ & KLINGER, LLP
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (202) 975-0477
gklinger@masonllp.com

Katrina Carroll
LYNCH CARPENTER, LLP
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Tel: (312) 750-1265
Fax: (773) 598-5609
katrina@lcllp.com

Gregory L. Shevlin
COOK, BARTHOLOMEW, SHEVLIN, COOK & JONES, LLP
12 West Lincoln St.
Belleville, IL 62220
Tel: (618) 235-3500
Fax: (618) 235-7286
gls@cbsclaw.com

*Attorneys for Plaintiff and the Putative Class*