# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEX COATNEY; H.S. and B.H., by and through their Guardian DONNA HILAND; N.S., by and through her Guardian JENNIFER PALLONE; individually and on behalf of similarly situated individuals,<br><br>*Plaintiffs*,<br><br>v.<br><br>ANCESTRY.COM DNA, LLC, a Virginia limited liability company,<br><br>*Defendant.* | No. 21-cv-01368<br><br>Hon. David W. Dugan |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs Alex Coatney; H.S. and B.H., by and through their guardian Donna Hiland; and N.S., by and through her guardian Jennifer Pallone, individually and on behalf of other similarly situated individuals (collectively "Plaintiffs"), bring this Second Amended Class Action Complaint against Defendant Ancestry.com DNA, LLC ("Defendant") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("GIPA"), and to obtain redress for persons injured by its conduct. Plaintiffs allege the following based on personal knowledge as to Plaintiffs' own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiffs' attorneys.

## INTRODUCTION

1. This case concerns the illegal release and disclosure of thousands of individuals' genetic information to Blackstone, Inc. ("Blackstone"), a multi-billion-dollar private equity firm that acquired Defendant, a consumer genetic testing company, in 2020. Through and after such acquisition, Defendant violated Plaintiffs' and the other Class members' individual rights to keep

their genetic information confidential by causing such information to be disclosed to unauthorized third parties without first obtaining written authorization.

2.       GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.

3.       GIPA provides that "persons" – which GIPA defines to include companies like Defendant – may not release and/or disclose genetic testing and information derived from genetic testing to anyone other than the individual tested or to persons specifically authorized in writing in accordance with the Act. *See* 410 ILCS 513/15(a).

4.       Compliance with GIPA is straightforward and may be accomplished through a single, signed sheet of paper or its electronic equivalent requesting consent to disclose or release otherwise confidential genetic information. GIPA thus bestows a right to privacy in one's genetic information and a right to prevent the disclosure of such information without one's consent.

5.       In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

6.       The Illinois Legislature enacted GIPA because "[t]he public health will be served by facilitating voluntary and confidential nondiscriminatory use of genetic testing information." *Id*.

7. Defendant's deprivation of Plaintiffs' statutory rights conferred by GIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8. Plaintiffs bring this action for statutory and actual damages, whichever is greater, and other remedies as a result of Defendant's conduct in violating Plaintiffs' state genetic privacy rights.

9. On Plaintiffs' own behalf, and on behalf of the proposed Class defined below, Plaintiffs seek an injunction requiring Defendant to comply with GIPA, as well as an award of damages, including statutory damages under GIPA, to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10. Defendant Ancestry.com DNA, LLC is a limited liability company organized under the laws of the state of Virginia that conducts substantial business throughout Illinois, including in this District.

11. At all relevant times, Plaintiff Alex Coatney has been a resident of the state of Illinois.

12. At all relevant times, Plaintiffs H.S and B.H. and their guardian Donna Hiland have been residents of the state of Illinois.

13. At all relevant times, Plaintiff N.S. and her guardian Jennifer Pallone have been residents of the state of Illinois.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there

are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection § 1332(d) apply.

15. This Court may exercise personal jurisdiction over Defendant, because Defendant knowingly does business within Illinois and this District, knowingly transacts business in Illinois and in this District such that it has sufficient minimum contacts with Illinois and this District that it has purposely availed itself of this venue to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiffs' claims arise out of Defendant's unlawful in-state actions, as Defendant failed to request and receive Plaintiffs' consent to disclose their genetic information in Illinois, including in this District.

## **COMMON FACTUAL ALLEGATIONS**

16. Defendant is a genetic testing services company which markets to consumers the ability to research their family and genetic history through the use of family trees, historical records, and genetic information.

17. Defendant's consumer genomics business uses DNA collected from its customers' saliva to provide its customers with information about their heritage as well as genetically related health characteristics.

18. Over the last decade, Defendant has managed to assemble one of the largest databases of genetic information in the world.

19. Defendant was able to gather the genetic information of consumers in part by making assurances that such information would remain confidential.

20. Appreciating the tremendous commercial potential presented by one of the largest troves of genetic information ever assembled, Blackstone sought to purchase Defendant and on August 5, 2020 Blackstone announced an agreement to acquire Ancestry for $4.7 billion.[1]

21. On December 4, 2020, Blackstone reported that it had fully completed its acquisition of Defendant. Announcing the deal, a senior managing director at Blackstone said he foresees Defendant growing by "investing behind further data, functionality, and product development."[2] Thereafter Blackstone disclosed in its regulatory filings with the U.S. Securities and Exchange Commission that agreements to release and/or disclose Defendant's information among Blackstone's affiliated entities had already been implemented and that its effort to repackage and sell such information to third parties was underway.[3]

22. Following Blackstone's acquisition of Defendant, and inconsistent with its prior representations to keep customers' immutable genetic information confidential, Defendant surrendered control of its database of Plaintiffs' and the Class's genetic information to its new owner Blackstone and disclosed on its website that Plaintiffs' and the Class's genetic information would be released to Blackstone.[4] However, Defendant failed to provide any method by which Plaintiffs and the Class could prevent such disclosure of their genetic information to Blackstone or any other third party.

---

[1] www.blackstone.com/press-releases/article/blackstone-to-acquire-ancestry-leading-online-family-history-business-for-4-7-billion/ (last accessed on 06/4/2021).
[2] *Id.*
[3] https://www.bloomberg.com/news/articles/2020-12-15/blackstone-s-next-product-could-be-data-from-companies-it-buys
[4] *See* www.ancestry.com/cs/legal/privacystatement (stating that "If Ancestry or its businesses are acquired or transferred (including in connection with bankruptcy or similar proceedings), we will share your Personal Information with the acquiring or receiving entity") (last accessed on 06/4/2021).

23. Under GIPA, the results of a DNA or genetic test are confidential, and the subject of such testing has a right to prevent others from receiving their genetic test results without written consent. 410 ILCS 513/15(a).

24. Thus, releasing, disclosing, or transferring genetic testing and information derived from genetic testing to any person other than the individual tested or to persons specifically authorized is a violation of the statute. *Id.* Any person to whom genetic testing information and information derived from genetic testing is released, disclosed, or transferred must be specifically authorized in writing to receive such information in accordance with the Act. *Id*.

25. Defendant never sought nor received consent to disclose or release Plaintiffs' or the Class's genetic information.

26. Following its acquisition, Defendant released, disclosed, and/or transferred Plaintiffs' and the other Class members' genetic test results and associated information to Blackstone and its affiliates (if not also other third parties) without their written authorization in violation of GIPA.

27. Blackstone's acquisition of Defendant included acquisition of not just Plaintiffs' and the other Class members' genetic information, but also all of the accompanying information gathered by Defendant that was paired with the Class members' genetic information. Such information included their first and last name, email address, birth date, and/or home address (including age and gender in some instances) and can be used to identify Plaintiffs and the other Class members.

28. Defendant thus violated GIPA by disclosing and/or releasing Plaintiffs' and the Class's genetic information without their advance written authorization.

## FACTS SPECIFIC TO PLAINTIFF ALEX COATNEY

29. Allison Coatney, Plaintiff Alex Coatney's mother, created an account with Defendant at Ancestry.com and purchased an at-home DNA test kit to learn about her son's genetic information.

30. During the relevant period, Plaintiff Alex Coatney, a minor at the time, had his DNA gathered by his then-guardian, Allison Coatney using an at-home DNA test kit from Ancestry.com.

31. Plaintiff Coatney's biological sample was mailed into Ancestry.com for his mother to learn his genetic test results.

32. After his biological sample was sent by his mother, in the form of his saliva (and accompanying skin cells) to Ancestry.com, Plaintiff Coatney's genetic material was sequenced by Ancestry.com which then provided his mother – not Plaintiff Coatney - with information derived from his genetic test.

33. Due to the highly sensitive nature of genetic test results, as well as Ancestry.com's representations regarding maintaining the strict privacy and confidentiality of its customers' genetic information, Plaintiff Coatney and his mother reasonably believed that the only persons who would be provided with the results of his genetic testing would be his mother and that the information submitted on his behalf to Ancestry.com would be kept confidential, private and secure—and that it would never be received by third parties like Blackstone without his or his mother's written consent.

34. Alison Coatney would not have agreed to have her son's genetic material provided to Ancestry.com if she had known that Defendant would disclose his genetic information without his consent to third parties other than his guardian, such as Blackstone.

7

35. Plaintiff Alex Coatney never consented, authorized, or otherwise agreed to the release, disclosure or transfer of his genetic information and other personal identifying information to Blackstone.

36. As a minor, Plaintiff Alex Coatney never signed or agreed to any terms, contract, arbitration agreement, or delegation clause with Defendant.

37. Plaintiff Alex Coatney has never accessed an account on, or interacted with an account on, Defendant's Ancestry.com website.

38. At no time did Plaintiff Alex Coatney engage in any transaction with Defendant, access an account on Defendant's website, or do business with Defendant in any way.

39. Plaintiff Alex Coatney's mother, Allison Coatney, is the Ancestry.com account holder, the purchaser of the at-home DNA test kit, and the individual who received the genetic test results.

40. Although Plaintiff Alex Coatney has never entered into any contract with Defendant, Plaintiff Alex Coatney has recently reached the age of majority and hereby disaffirms and voids any terms, contract, arbitration agreement, or delegation clause that Defendant may say exists or applies.

41. As explained above, Plaintiff Coatney has undertaken no action to ratify or otherwise assent to be bound by any contract with Defendant. Indeed, his only interactions with Defendant have been through the filing of this suit.

42. Following Blackstone's acquisition of Ancestry.com, Defendant illegally disclosed and released the genetic information of thousands of Illinois consumers without their written consent or authorization, including that of Plaintiff Alex Coatney and the other Class members, in violation of GIPA.

## FACTS SPECIFIC TO PLAINTIFFS H.S. AND B.H.

43. Donna Hiland, minor Plaintiff H.S. and minor Plaintiff B.H.'s guardian, created an account with Defendant at Ancestry.com and purchased at-home DNA test kits to learn about Plaintiffs H.S. and B.H's genetic information.

44. During the applicable limitations period, minor Plaintiffs H.S and B.H's guardian, Donna Hiland used at-home DNA test kits from Ancestry.com to collect H.S. and B.H.'s biological samples.

45. At the time their biological samples were sent to Defendant, Plaintiffs H.S. and B.H. were minors under the age of 13.

46. After their guardian sent their biological samples, in the form of their saliva (and accompanying skin cells) to Ancestry.com, Plaintiffs H.S. and B.H's genetic materials were sequenced by Ancestry.com which then provided their guardian with information derived from their genetic tests.

47. Due to the highly sensitive nature of genetic test results, as well as Ancestry.com's representations regarding maintaining the strict privacy of its customers' genetic information, Plaintiffs H.S. and B.H. and their guardian reasonably believed that the only person who would be provided with the results of Plaintiffs' genetic testing would be the account holder, Plaintiffs' guardian, and that the information submitted on their behalf to Ancestry.com would be kept confidential, private and secure—and that it would never be received by third parties like Blackstone without their or their guardian's written consent.

48. Plaintiffs did not agree, nor did they have the capacity to understand or agree to have their genetic material to be provided to Ancestry.com. If Plaintiffs H.S. and B.H. through their guardian had known that Defendant would disclose their genetic information without their

consent to third-parties other than their guardian such as Blackstone, such genetic information would not have been provided to Ancestry.com.

49. Plaintiffs H.S. and B.H. never consented or otherwise agreed to the release, disclosure, or transfer of their genetic information and other personal identifying information to Blackstone.

50. Plaintiffs H.S. and B.H. never consented, signed, or agreed to any contract, terms of service, arbitration agreement, or delegation clause within any such agreement. In fact, Defendant never offered to form a contract with Plaintiffs H.S. and B.H. due to their incapacity as minors.

51. Plaintiff's B.H. and H.S. were approximately 5 or 6, and 10 or 11 years old, respectively, at the time their DNA was sequenced by Ancestry.com.

52. Plaintiffs H.S. and B.H. have never accessed an account on, or interacted with an account on, Defendant's Ancestry.com website.

53. At no time did Plaintiffs H.S. and B.H engage in any transaction with Defendant, access an account on Defendant's website, do business with or communicate with Defendant in any way.

54. Not only did Plaintiffs H.S. and B.H. not receive or review any Terms and Conditions from Defendant, or otherwise manifest any assent to be bound by any agreement, but any changes to such terms and conditions were never communicated to Plaintiffs H.S. and B.H.

55. Donna Hiland, Plaintiffs H.S. and B.H's guardian, is the Ancestry.com account holder, the purchaser of the at-home DNA test kits, and the individual who received the genetic test results.

56. Thus, following Blackstone's acquisition of Ancestry.com, Defendant illegally disclosed and released the genetic information of thousands of Illinois consumers without their written consent or authorization, including that of Plaintiffs H.S. and B.H. and the other Class members, in violation of GIPA.

**FACTS SPECIFIC TO PLAINTIFF N.S.**

57. Jennifer Pallone, Plaintiff N.S's mother, created an account with Defendant at Ancestry.com and purchased an at-home DNA test kit to learn about her daughter's genetic information.

58. During the relevant time period, Jennifer Pallone used an at-home DNA test kit from Ancestry.com to collect minor Plaintiff N.S.'s biological sample.

59. After her guardian sent her biological sample, in the form of her saliva (and accompanying skin cells) to Ancestry.com, Plaintiff N.S.'s genetic material was sequenced by Ancestry.com which then provided her guardian with information derived from her genetic tests.

60. Due to the highly sensitive nature of genetic test results, as well as Ancestry.com's representations regarding maintaining the strict privacy of its customers' genetic information, Plaintiff N.S. and her guardian reasonably believed that the only person who would be provided with the results of Plaintiff's genetic testing would be the account holder, her guardian, and that the information submitted on her behalf to Ancestry.com would be kept confidential, private and secure—and that it would never be received by third parties like Blackstone without her or her guardian's written consent or authorization.

61. Jennifer Pallone would not have agreed to have her daughter's genetic material provided to Ancestry.com if she had known that Defendant would disclose her daughter's genetic information without her consent to third parties (other than her guardian), such as Blackstone.

62. Plaintiff N.S. never consented or otherwise agreed to the release, disclosure, or transfer of her genetic information and other personal identifying information to Blackstone.

63. Plaintiff N.S. never consented, signed, or agreed to any contract, terms of service, arbitration agreement, or delegation clause within any such agreement.

64. Plaintiff N.S has never accessed an account on, or interacted with an account on, Defendant's Ancestry.com website.

65. At no time did Plaintiff N.S. engage in any transaction with Defendant, access an account on Defendant's website, or do business with Defendant in any way.

66. Jennifer Pallone, Plaintiff N.S.'s mother, is the Ancestry.com account holder, the purchaser of the at-home DNA test kit, and the individual who received the genetic test results.

67. Although Plaintiff N.S. has never signed or agreed to any terms or contract with Defendant, Plaintiff N.S. has recently reached the age of majority and hereby disaffirms and voids any terms, contract, arbitration agreement, or delegation clause that Defendant may say exists or applies.

68. Thus, following Blackstone's acquisition of Ancestry.com, Defendant illegally disclosed and released the genetic information of thousands of Illinois consumers without their written consent or authorization, including that of Plaintiff N.S. and the other Class members, in violation of GIPA.

## CLASS ACTION ALLEGATIONS

69. Plaintiffs bring this action on behalf of themselves and similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek to represent a Class defined as follows:

> "All Illinois residents whose genetic information was submitted to Defendant when they were minors and which was

subsequently disclosed and/or released to Blackstone, according to Defendant's records."

70. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

71. Upon information and belief, there are thousands of members of Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendant's records.

72. Plaintiffs' claims are typical of the claims of the members of the Class Plaintiffs seek to represent, because the factual and legal bases of Defendant's liability to Plaintiffs and the other members of the Class are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiffs and to the Class. As alleged herein, Plaintiffs and the Class have all suffered damages as a result of Defendant's GIPA violations.

73. There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant's conduct is subject to GIPA;

    b. Whether Defendant disclosed Plaintiffs' and the other Class members' genetic information in violation of GIPA;

    c. Whether Defendant released Plaintiffs' and the other Class members' genetic information to Blackstone and/or other third parties in violation of GIPA;

    d. Whether Defendant obtained written authorization from Plaintiffs and the other Class members before disclosing or releasing their genetic information;

13

    e.  Whether Defendant's violations of GIPA were willful or reckless;

    f.  Whether Defendant's violations of GIPA were negligent;

    g.  Whether Plaintiffs and the Class are entitled to damages and injunctive relief.

74. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

75. Plaintiffs will adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor Plaintiffs' counsel have any interest adverse to those of the other members of the Class.

76. Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

<u>**COUNT I**</u>
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513, *et seq.***
**(On behalf of Plaintiffs and the Class)**

77. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

78. Defendant is a corporation and, therefore, a "person" under 410 ILCS 513/10.

79. Plaintiffs and the Class obtained "genetic test[s]" and received the results of such tests from Ancestry.com.

80. Plaintiffs and the Class also provided accompanying personal identifying information, including their full names, email address, and/or home addresses (including age, birthday, and gender in some instances) to Ancestry.com.

81. The information obtained from Plaintiffs and the Class by Defendant is the type of information protected by GIPA. 410 ILCS 513/10.

82. Defendant disclosed and/or released Plaintiffs' and the Class members' genetic tests and/or information derived from their genetic tests (genetic information), along with their accompanying personal identifying information to Blackstone.

83. Defendant did not receive any written authorization from Plaintiffs or the other Class members to disclose and/or release their genetic test results and information derived therefrom, including their personal identifying information, as mandated by 410 ILCS 513/15(a) and 410 ILCS 513/30(a)(2).

84. Plaintiffs and the other Class members have been aggrieved by Defendant's violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA when Defendant disclosed and/or released their statutorily protected genetic information without their consent to Blackstone and/or others.

85. GIPA provides for statutory damages of $15,000 for each willful and/or reckless violation of GIPA or actual damages – whichever is greater – and, alternatively, damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater. 410 ILCS 513/40(a)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Alex Coatney; H.S. and B.H., by and through their guardian Donna Hiland; and N.S., by and through her guardian Jennifer Pallone, individually and on behalf of the proposed Class, respectfully request that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiffs as class representatives, and appointing Plaintiffs' counsel as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate GIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with GIPA;

d. Awarding statutory damages of $15,000 for each willful and/or reckless violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiffs request trial by jury of all claims that can be so tried.

Dated: January 28, 2022                     Respectfully submitted,

                                            ALEX COATNEY; H.S. and B.H., by and
                                            through their Guardian DONNA HILAND;
                                            N.S., by and through her Guardian JENNIFER

16

                                       PALLONE; individually and on behalf of similarly situated individuals,

                                       By:    /s/ Eugene Y. Turin
                                                         *One of Plaintiffs' Attorneys*

Eugene Y. Turin
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.,
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
dgerbie @mcgpc.com

Jonathan M. Jagher
FREED KANNER LONDON & MILLEN, LLC
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6487
jjagher@fklmlaw.com

Brian M. Hogan
FREED KANNER LONDON & MILLEN, LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
bhogan@fklmlaw.com

Gary M. Klinger
MASON LIETZ & KLINGER, LLP
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (202) 975-0477
gklinger@masonllp.com

Katrina Carroll
LYNCH CARPENTER, LLP
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Tel: (312) 750-1265
Fax: (773) 598-5609
katrina@lcllp.com

Gregory L. Shevlin
COOK, BARTHOLOMEW, SHELVIN, COOK & JONES, LLP
12 West Lincoln St.
Belleville, IL 62220
Tel: (618) 235-3500
Fax: (618) 235-7286
gls@cbsclaw.com

*Attorneys for Plaintiffs and the Putative Class*